# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KVON SMITH,**
       **Plaintiff,**

    v.                                      Case No. 12-CV-01294

**WEE START CHILD CARE CENTER, et al.,**
       **Defendants.**

## DECISION AND ORDER

Pro se plaintiff Kvon Smith brings this lawsuit against a wide variety of defendants ranging from a child care center to a pizza restaurant to the United States Postal Service. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, *Nietzke v. Williams*, 490 U.S. 319, 324 (1989), and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated. *Floyd v. United States Postal Serv.*, 105 F.3d 274, 275-77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)."). Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff has filed the required affidavits of indigence. Upon review of those affidavits, I am satisfied that plaintiff

meets the poverty requirements of 28 U.S.C. § 1915 and has a sincere belief that he is entitled to redress. Therefore, he may proceed in forma pauperis. I will, however, dismiss the complaint for failure to state a claim upon which relief may be granted.

This court has authority under 28 U.S.C. § 1915(e)(2)(B) to dismiss a complaint either because it is frivolous or because it fails to state a claim. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Having given plaintiff's pro se allegations a liberal construction, I find that dismissal is appropriate because the complaint fails to make any factual allegations against any of the named defendants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed."). Plaintiff used the form provided by the clerk's office for filing a pro se complaint, but left the "Statement of Claim" section blank. Attached to the complaint are several pages of what appear to be plaintiff's notes from various college courses, including a course on cultural anthropology and another on civil rights. In the margins of these notes, plaintiff makes some vague statements about conspiracies against him, but he does not provide any details about these alleged conspiracies. He claims someone is monitoring his email and listening in on his cellphone conversations, but does not say who is watching him or why they would be interested in his activities. Plaintiff also attached several police reports which detail his recent arrest in Madison, Wisconsin for disorderly conduct and resisting an officer, but he does not make any allegations against any of the officers involved in the arrest.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [DOCKET #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

2

Dated at Milwaukee, Wisconsin, this 2nd day of January 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge